[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Melvin Taite, Jr., appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possession of cocaine pursuant to R.C. 2925.11(A). For the following reasons, we reverse the conviction and remand the cause to the trial court.
In May 1999, a confidential informant informed police officers that an unidentified person had approached him about a purchase of cocaine. The informant told police that he had arranged the purchase from a person known as "Mel." According to the informant, the purchase was to take place at an apartment occupied by Taite.
The officers observed the unidentified third party enter the apartment with Taite. They both left the apartment a short time later. Taite went into a neighboring apartment, and the officers went to that apartment to investigate. They asked Taite to come into the hallway of the apartment building and handcuffed him while they interviewed him about the alleged drug transaction. Taite was handcuffed for approximately ninety minutes while the officers secured a search warrant for his apartment. They found a small quantity of cocaine in the residence.
Taite filed a motion to suppress all evidence obtained as a result of the officers' investigation, claiming that the arrest was not based upon probable cause and that the evidence used to support the search warrant was a product of the illegal detention. The trial court overruled the motion to suppress, and Taite entered a no-contest plea to the offense.
In his first assignment of error, Taite argues that the trial court erred in overruling his motion to suppress. We agree.
Probable cause must exist for an arrest to be constitutionally valid. Probable cause has been defined as "facts and circumstances within the officers' knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[1]
In the case at bar, the officers did not possess probable cause to believe that an offense had been committed. Although the confidential informant told the police that a purchase had been arranged between the unidentified person and "Mel," the circumstances surrounding the unidentified person's visit to Taite's apartment were insufficient to establish probable cause to believe that a purchase had in fact been made. The officers merely saw the unidentified person enter the apartment with Taite and later observed the two emerge from the apartment. The informant was not present during the alleged transaction, and there was no indication that the unidentified person left the apartment with drugs. The officers did not recover any drugs from the unidentified person and did not recover anything from Taite, such as marked currency, to indicate that a drug transaction had occurred. Moreover, the transcript of the suppression hearing does not indicate that the officers had any contact with the unidentified person following his departure from Taite's apartment. The officers, therefore, had no means of confirming that a purchase had occurred. In sum, the only conduct that the officers observed was the pair's entry into, and departure from, the apartment. That circumstance alone was not sufficient to create probable cause to arrest.[2]
The state argues, however, that even if there was no probable cause, the detention of Taite constituted merely an investigatory stop, thus obviating the requirement of probable cause. We disagree. Although we have recognized that there are limited circumstances under which an officer may temporarily handcuff a person during an investigatory stop so that the officer may ensure his safety,[3] the detention in the case at bar went well beyond such a brief intrusion. As Taite correctly notes, he was handcuffed in the hallway of the apartment building for approximately ninety minutes, during which time he was interrogated by the investigating officers. This restraint of liberty constituted an arrest within the meaning of the Fourth Amendment, and therefore required probable cause.[4]
The state next argues that even if the arrest was improper, that would not necessitate suppression of the contraband, because the search of the apartment was validated by the search warrant. Again, we disagree. Both direct and indirect products of an unlawful search or seizure are subject to exclusion from evidence.[5] Here, the statements that Taite made while detained — most notably his admission that there was cocaine in his apartment — formed the basis of the affidavit in support of the warrant. Without those statements, the affidavit would not have been sufficient to establish probable cause for a search. Thus, we hold that the contraband found as the result of the warrant was the fruit of the illegal detention and therefore subject to suppression.[6] The first assignment of error is accordingly sustained.
In his second assignment of error, Taite argues that the trial court erred in failing to suppress the evidence on the basis that the warrant submitted at the suppression hearing was unsigned and unsworn. Our disposition of the first assignment of error renders this assignment moot, and we need not address Taite's argument.
Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with the foregoing.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ..
[1] Michigan v. DeFillippo (1979), 443 U.S. 31, 37, 99 S.Ct. 2627,2631.
[2] See State v. Johnson (Feb. 25, 2000), Hamilton App. No. C-990042, unreported. Though the state also points to unspecified prior complaints that Taite had been involved in drug activity, we cannot accord such vague allegations substantial weight in our determination of whether the police possessed probable cause on the date in question.
[3] See, e.g., State v. Boykins (Oct. 29, 1999), Hamilton App. No. C-990101, unreported.
[4] Moreover, in Johnson, supra, this court stated, under facts analogous to this case, that there was not even reasonable suspicion to justify a limited investigatory stop.
[5] Wong Sun v. United States (1963), 371 U.S. 471, 83 S.Ct. 407.
[6] See State v. Denune (1992), 82 Ohio App.3d 497, 511,612 N.E.2d 768, 777.